UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TIMOTHY OTTO,

          Plaintiff,                          Case No. 3:12-cv-02333-HA

    v.                                    ORDER

MICHAEL J. KAVANAUGH,

          Defendant.

_____

HAGGERTY, District Judge:

Plaintiff brought suit against defendant asserting a single claim arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiff filed suit on December 26, 2012 and, on March 20, 2013, notified the court that he had accepted an offer of judgment. Judgment was then entered awarding plaintiff $1501.00 and reasonable attorney fees and costs. Plaintiff now advances a Bill of Costs [10] seeking $350.00 and a Motion for Attorney Fees [9] requesting $4255.00. The court deemed oral argument unnecessary for resolution of these matters. For the following reasons, plaintiff's Bill of Costs is denied and Motion for Attorney Fees is granted in part.

ORDER -1

## DISCUSSION

Plaintiff seeks $4255.00 in attorney fees and $350.00 in costs. Defendant contends this court should decline to award fees or should reduce the fee award in light of plaintiff's unreasonable posture during settlement negotiations.

### A.    Attorney Fees

A prevailing plaintiff in an action pursuant to the FDCPA is entitled to reasonable attorney fees and costs. 15 U.S.C. § 1692k(a)(3). A district court should calculate awards of attorney fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The "lodestar" is calculated by multiplying the number of hours an attorney reasonably expended by a reasonable hourly rate. *Id.* In this matter, the parties disagree regarding how many hours were reasonably spent and what a reasonable hourly rate is for the services of Joshua Trigsted, plaintiff's attorney. In large part, the dispute revolves around pre-suit settlement negotiations.

Plaintiff's counsel first sent a demand letter to defendant (an attorney) alleging violations of the FDCPA and offering to settle the matter for $5000.00 inclusive of fees and costs. Pl.'s Ex. A. The Professional Liability Fund (PLF), representing defendant, responded with a counter offer on November 13, 2012, offering to settle the claim for $1000.00 plus reasonable attorney fees. Ex. B to Houston Decl. The PLF estimated that Trigsted had spent less than five hours on the case and offered to pay for those five hours (without substantiating documents) at a rate of $175 per hour. *Id.* The PLF noted in the offer letter that "two federal judges have recently held that your reasonable hourly rate is $175" and that if Trigsted had worked more than five hours, he could provide billing statements substantiating a different amount of fees without waiving any

privilege. *Id.*

On November 15, 2012, plaintiff rejected the PLF's initial offer of $1000 plus $875 in attorney fees. Ex. C to Houston Decl. Trigsted responded that he would not provide proof of his fees due to his firm's confidentiality policy and that plaintiff's counter offer was $4000. *Id.* He also did not dispute that $175 was a reasonable rate for his services. *Id.* On November 26, 2012, the PLF responded that it had received the counter-demand of $4000 but that it was unclear what portion of the demand was damages and what portion was fees. Ex. D to Houston Decl. The PLF then offered $1500 in damages and reasonable attorney fees, which the PLF estimated to be six hours at $175 per hour, for a total of $2550. *Id.* Again, the PLF stated that it would consider additional fees if Trigsted would submit substantiating documentation. The PLF also notified Trigsted that if suit was filed, it would make an offer of judgment for the same amount and allow the court to consider what fees are reasonable. *Id.* At that time, Trigsted had spent 6.7 hours on the case. Trigsted responded that plaintiff's final demand was $3000 and that "I know from past experience that the PLF would never agree to any bill I submit given your high-handed statements about what the [sic] time I 'should' be spending on a given case. Go ahead and serve an offer of judgment and if the form and amount are acceptable we will go on to file a petition for attorney's fees and will recover substantially more than what you're offering, I assure you." Ex. E to Houston Decl. The PLF rejected plaintiff's offer and plaintiff filed suit. Shortly thereafter, the PLF made an offer of judgment in the amount of $1501 plus reasonable attorney fees and costs as determined by the court, which was promptly accepted. Plaintiff now requests $4255.00 in fees and $350 in costs. Defendant contends that none of plaintiff's fees or costs are reasonable in light of plaintiff's pre-suit conduct.

ORDER -3

This lawsuit ought not to have been filed. The parties were relatively close to each other during presuit negotiations, and it appears that the PLF would have been willing to increase their offer if Trigsted had substantiated his fees or set forth what percentage of his counteroffers constituted fees as opposed to plaintiff's damages. Plaintiff provides three basic reasons for the failure to settle this matter. The first is that plaintiff's damages were more than $1500. This argument is rejected. If a party feels compelled to accept an offer of judgment for a particular amount, that party should be prepared to accept the same amount during pre-suit negotiations, especially if they are told that the first thing the defendant will do after receiving the complaint is make an offer of judgment. It is manifestly unreasonable to reject a settlement offer because you hope to settle for more pre-suit than you feel compelled to accept through an offer of judgment. Accordingly, the court views the pre-suit settlement negotiations as hinging primarily on attorney fees, not on plaintiff's damages.

The second reason offered by plaintiff is that Trigsted's firm's confidentiality policy prevents him from substantiating his fees. Last year Judge Mosman rejected a similar argument:

> Plaintiff has not adequately explained why documenting his fees prior to suing was problematic. His pre-suit emails mention confidentiality issues. But he could have talked to his client about such concerns and could have solved them by providing defendants with a summary of his billing or redacted records. Moreover, based on a review of the bills Mr. Trigsted submitted, it is hard to imagine what confidential matters he was worried about disclosing.

*Behrens v. Smith & Greaves, LLP*, No. 11-cv-01225-MO, 2012 WL 590845, *3 n.3 (D. Or. Feb. 22, 2012). This court is similarly puzzled by Trigsted's confidentiality policy. It would have been easy to provide substantiating documentation of his fees without jeopardizing any client confidences and it does not appear that his billing records contain any confidential information. If those records proved insufficient for the PLF, then this case would have a different complexion

ORDER -4

from the one it has now. As it stands, plaintiff, rather than the PLF, made insufficient efforts in this respect.

The third reason proffered by plaintiff to justify the failure to settle this matter is that filing suit was necessary to achieve finality. Plaintiff contends that the PLF's offer of damages plus reasonable attorney fees would have created "an infinite feedback loop." Plaintiff argues that if he had accepted the $1500 offer plus fees and had agreed that six hours was reasonable, the PLF would have asked him to prepare settlement documentation and plaintiff would have asked for compensation for that task and defendant would have "nitpicked" the bill. This nitpicking would in turn require a response and would have required additional time and billing by plaintiff that would have been challenged by the PLF. In short, plaintiff contends that if he had behaved reasonably, the PLF would not have behaved reasonably, and filing suit was inevitable. This argument is also rejected.

As it was unreasonable to file suit in this case, the court will not award any attorney fees billed after November 26, 2012, the date when the PLF made their second offer. Defendant objects to a number of specific billing entries. However, the only billing entry the court finds to be unreasonable prior to November 26, 2012, was an entry for .3 hours on October 3, 2012 to "enter client to contact list; memo to Amicus litigation file." The time spent entering a client to a contact list is properly viewed as clerical in nature. Accordingly, plaintiff shall be compensated for 6.4 hours of attorney time. Time spent by legal assistants is typically considered part of an attorney's overhead and cannot be billed separately unless it is the attorney's billing practice to remove that overhead cost from his billing rate. As Trigsted has not shown that it is the practice of his office to reduce his billing rate to allow for separate billing by his legal assistant, the

billing entries by his legal assistant are not compensable.

Plaintiff contends that Trigsted should be compensated at a rate of $250 per hour. In support of his request, plaintiff cites the Oregon State Bar (OSB) 2012 Economic Survey, which shows that for attorneys of his experience in the Portland region[1], the average billing rate is $210 per hour, the median rate is $218 per hour, the 25th percentile is $160 per hour, and the 75th percentile is $250 per hour. The PLF contends that Trigsted should be awarded $175 per hour in light of three recent decisions from this court awarding him between $175 and $178 per hour. *Behrens*, 2012 WL 590845 at *2; ($175 per hour); *Thompson v. LVNV Funding, LLC*, No. 10-cv-01042–BR, 2011 WL 846858, at * 4 (D. Or. Mar. 9, 2011) ($175 per hour); *Daley v. A & S Collection Associates, Inc.*, Co. 09-cv-00946-ST, 2010 WL 5137834, *5 (D. Or. Dec. 10, 2010) ($178 per hour). This court will not continue to award Trigsted $175 per hour in perpetuity simply because that is what he was awarded in the past based on prior versions of the OSB Survey. Rather, this court looks to the OSB Survey first, and then adjusts as necessary to arrive at a reasonable hourly rate. However, Trigsted has not sufficiently explained why an increase of $75 per hour is justified by the passage of one year in time and has not shown that he should be compensated at rate commensurate with the 75th percentile of attorneys with his level of experience. In this matter, and taking into consideration the skill displayed during settlement negotiations, the court concludes that $200 per hour is warranted. Therefore the lodestar calculation results in an award of $1280.00. The factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), do not warrant a deviation from this award.

---

[1] Though Trigsted's office is located outside Portland's city limits, his proximity to Portland and his clientele justify reference to the survey's findings for the Portland region.

ORDER -6

**B.**     **Costs**

Federal Rule of Civil Procedure 54 and the FDCPA provide for an award of reasonable costs to the prevailing party.  15 U.S.C. § 1692k(a)(3).  The only costs sought by plaintiff are for the filing fee in the amount of $350.  Because the court has concluded that this matter should have been resolved by pre-suit negotiations, the costs sought are not reasonable and will not be awarded.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Attorney Fees [9] is GRANTED IN PART and Bill of Costs [ 10 ] is DENIED.  Plaintiff is awarded $1280.00 in attorney fees.

IT IS SO ORDERED.

DATED this __1__ day of August, 2013.

Ancer L. Haggerty
United States District Judge

ORDER -7